UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WESLEYAN METHODIST CHURCH
OF CANISTEO, NEW YORK,

                       Plaintiff

                       DECISION AND ORDER

-vs-

                       10-CV-6346 CJS

THE VILLAGE OF CANISTEO, VILLAGE
OF CANISTEO ZONING BOARD OF APPEALS,
JAMES SCHIEDER, JOSEPH HARRINGTON,
JOHN FLORENCE, RICHARD CANNE,

                       Defendants

_____

APPEARANCES

| | |
|---|---|
| For Plaintiff: | Gabriel V. Rossettie, Esq.<br>Rossettie, Rossettie & Martino<br>269 West Pulteney Street<br>Corning, New York 14830 |
| For Defendants: | Terry A. Rice, Esq.<br>Rice & Amon<br>4 Executive Boulevard, Suite 100<br>Suffern, New York 10901 |

INTRODUCTION

    Wesleyan Methodist Church of Canisteo ("Plaintiff") commenced this action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, after Defendants denied Plaintiff's request to build a church in a light industrial zoning district in which churches are prohibited. Plaintiff maintains that such prohibition substantially burdens its religious exercise without any compelling governmental interest. Now before the Court is Defendants' Motion to Dismiss (Docket No. [#3]) pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure ("FRCP"). For the reasons that follow, the application is granted.

BACKGROUND

Unless otherwise noted, the following facts are taken from Plaintiff's Complaint [#1], including documents that are attached or incorporated by reference.[1] Plaintiff is a religious corporation which currently owns property in the Village of Canisteo, on which it operates a church and conducts church-related activities. Plaintiff's current facilities are inadequate, because the parking lot is too small and the main worship facility is overcrowded. Plaintiff came up with three possible options to address its overcrowding problem: 1) constructing new buildings at its current location; 2) purchasing properties adjacent to the current church, demolishing them, and constructing new buildings; and 3) purchasing vacant land to construct new church facilities. (Docket No. [#3-3]). Plaintiff settled on the last option, and identified a parcel of land on which to build new facilities ("the subject parcel").[2] However, the parcel is located in an area of the village that is zoned "light industrial," where church buildings are not permitted. Complaint [#1] at ¶ 25. In that regard, permitted uses in the "light industrial zone" are limited to manufacturing, food industries, laundry and dry cleaning, warehousing, and automotive services. (Docket No. [#3-4]).

In or about November 2007, Plaintiff asked the Village Board to re-zone the subject

---

[1] *See, Alston v. Bendheim*, 672 F.Supp.2d 378, 383 -384 (S.D.N.Y. 2009) ("The Court is not limited to the four corners of the complaint, but may consider outside documents which are integral to it regardless of whether attached to the complaint, so long as the pleader has notice of them or refers to them.") (citation omitted).

[2] According to Plaintiff's Pastor, the church's Board found that this last option "would most significantly enhance [the church's] opportunities for growth in its religious mission, at the most reasonable cost." Maynard Aff. at p. 2.

parcel to permit churches.[3]  The Village Board referred the matter to the Planning Board.  In January 2008, the Planning Board denied the request for a re-zoning/special use permit, citing the need for more information, including a map and site plan review, as well as information concerning environmental issues. (Docket No. [#3-4]).  In July 2008, Plaintiff obtained a "Site Feasability Study" for the proposed church project.  (Docket No. [#3-4]).  In August 2008, Plaintiff presented the Feasability Study to the Planning Board.  In September 2008, the Planning Board recommended that the Village Board deny Plaintiff's request to re-zone the property, citing its concerns that re-zoning the area would "ultimately change . . . the entire Light Industrial District," and observing that there was a "very small amount of suitable land within village limits for light industrial use." (Docket No. [#3-5] at 6).  In October 2008, the Village Board notified Plaintiff that it would not re-zone the property, but that Plaintiff could apply for a variance. (Docket No. [#3-5] at 8-9).

Plaintiff subsequently applied for a variance.  In March 2009, at a public hearing on the application, members of the Zoning Board of Appeals ("ZBA") and representatives of the church discussed, *inter alia*, the fact that the zoning code permitted churches in several other districts within the village, including the Low Density Residential (LDR) Zone, the Medium Density Residential (MDR) Zone, and the General Commercial (GC) Zone. (Docket No. [#3-5] at 14).  At the close of the hearing, the ZBA tabled the variance application "for further research." *Id*. at 17.  In April 2009, the ZBA met to hear additional information from Plaintiff and to vote on the variance application.  At the meeting, the ZBA indicated that Plaintiff had not met the requirements for a variance, including the requirement that an applicant show "hardship."  In that regard, the ZBA found that Plaintiff had created its own hardship, by seeking to build in an

---

[3] Village records indicate that Plaintiff asked if the re-zoning could be accomplished in the form of a special use permit.

area that was not zoned for churches. (Docket No. [#3-5] at 20). The ZBA denied the variance application and suggested that Plaintiff renew its request to have the Village Board re-zone the area.

In December 2009, Plaintiff applied to the Village Code Enforcement Officer for a special use permit. In January 2010, the Code Enforcement Officer denied the request, indicating, in pertinent part: "[T]he Village of Canisteo's Planning Board and Zoning Board have researched this to its fullest and I have no other option than to deny your request at this time. The piece of property is not properly zoned for what you want to use it for and the Zoning Board of Appeals has denied you once already." (Docket No. [#3-5] at 26). In February 2010, Plaintiff's attorney wrote to the ZBA to appeal the Code Enforcement Officer's decision, on the ground that it violated RLUIPA. In April 2010, the ZBA met with Plaintiff's attorney, and indicated that the zoning code did not allow for a special use permit to operate a church in a light industrial district. According to the ZBA's records, Plaintiff's attorney agreed, but stated that the zoning code was amended by RLUIPA, which was adopted in 2000. Plaintiff's attorney provided a memo to the ZBA, purporting to explain why he believed RLUIPA permitted Plaintiff to build the proposed church, and in that regard, he indicated that Defendants had imposed a "substantial burden" on Plaintiff by "compelling inaction" on Plaintiff's part:

> Here, the [code enforcement officer's] decision has "compelled inaction" on [Plaintiff's] part. [Plaintiff] has refrained from purchasing the Option Parcel, and has been prevented from presenting a site plan to the Village for approval. [Plaintiff's pastor] has been unable to effectively raise funds for an expansion effort. The logical conclusion is that even if the permit were to issue today, [Plaintiff's] fundraising efforts have already been significantly adversely impacted. Every day that goes by prior to the issuance of the permit strikes another blow to [Plaintiff's] religious mission. This is precisely what is meant by a "substantial burden" on religious exercise.

Complaint [#1] Exhibit A. However, the ZBA denied Plaintiff's appeal.

On June 28, 2010, Plaintiff commenced the subject action. The Complaint purports to state two causes of action. First, Plaintiff contends that Defendants violated RLUIPA by imposing a substantial burden on "Plaintiff's religious exercise," and that the subject "land use regulation is not in furtherance of any compelling governmental interest." Complaint [#1] ¶¶ 44-45. The second cause of action demands an award of attorney's fees under 42 U.S.C. § 1988(b). In addition, the Complaint demands "[a] mandatory injunction that the Defendants grant the Plaintiff's land use permit application," as well as compensatory damages.

Defendants subsequently filed the subject motion to dismiss, pursuant to FRCP 12(b)(6). Defendants maintain that under the Village Zoning Code, Plaintiff was not entitled to the relief it sought. Additionally, Defendants contend that Plaintiff has not pleaded a claim under RLUIPA, because it has not alleged substantial burden, and because the Village has a compelling interest in preserving its light industrial zone for industrial purposes. Defendants also indicate that the zoning code permits churches to operate in several other zoning districts, which comprise 70% of the Village. Moreover, Defendants maintain that the individual defendants are not liable under RLUIPA. In response, Plaintiff contends that it has pleaded a substantial burden under RLUIPA:

> [Plaintiff's] claim is simple: that the apparent enforcement of the Canisteo zoning code against [Plaintiff] has prevented it from acquiring, and building a church upon, an ideal piece of Village property. The denial of [Plaintiff's] land use permit application imposes a substantial burden on its religious exercise, because its existing facilities continue to be inadequate to support the worship and educational needs of a growing congregation.

Rossettie Aff. [#6] at ¶ 3; *see also*, Pl. Memo of Law [#6-1] at 3 ("In this case, the burden on [Plaintiff] is the inadequacy of its existing facilities, and the only ready alternative available to

[Plaintiff] is the target parcel that is the subject of its permit application.").[4] Plaintiff additionally reiterates that the subject zoning provision is not supported by a compelling governmental interest.

On May 12, 2011, the Court heard oral argument on the subject application, with Plaintiff's counsel appearing in person, and Defendants' counsel appearing by telephone with the Court's permission. During oral argument, Plaintiff's counsel maintained that the Complaint adequately alleges that the subject parcel of land is the only suitable site in the entire village for Plaintiff to build a new church. Plaintiff's counsel stated, however, that to the extent the Court disagreed, that he might want to amend the Complaint to expressly include such an allegation, subject to further discussion with his client concerning the accuracy of such a statement. The Court agreed to give Plaintiff's counsel time to consult with his client and to advise the Court whether he wanted to file an amended pleading. On May 18, 2011, Plaintiff's counsel wrote to the Court and indicated, *inter alia*, that Plaintiff had decided *not* to seek leave to file an amended complaint. In that regard, Plaintiff's counsel argued that the Complaint already alleged that the church lacked any alternative site on which to build, and that it was Defendants' burden to demonstrate that reasonable alternative sites were available to Plaintiff.

DISCUSSION

In ruling upon a motion to dismiss made pursuant to FRCP 12(b)(6), the Court must construe

> the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the plaintiff must provide the grounds upon which

---

[4] As discussed further below, Counsel's conclusory assertion that Plaintiff has no "ready alternative" is unsupported by any factual allegation in the Complaint. To the contrary, it is contradicted by the Complaint, since Plaintiff's pastor admits that there are other alternatives.

her claim rests through factual allegations sufficient to raise a right to relief above the speculative level.

*Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (citations and internal quotation marks omitted). In this regard, the Court is limited as to what evidence it can consider:

> In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, matters outside the pleading are presented to and not excluded by the court, the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact.
>
> In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion.

*Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted).

The Second Circuit has described the general legal principles applicable to RLUIPA claims are as follows:

> RLUIPA prohibits the government from imposing or implementing a land use regulation in a manner that
>
>> imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest.
>
> 42 U.S.C. § 2000cc(a)(1). This provision applies only when the substantial burden imposed (1) is in a program that receives Federal financial assistance;

> (2) affects commerce with foreign nations, among the several states, or with Indian tribes; or (3) "is imposed in the implementation of a land use regulation or system of land use regulations, under which a government makes, or has in place formal or informal procedures or practices that permit the government to make, individualized assessments of the proposed uses for the property involved." 42 U.S.C. § 2000cc(a)(2).
>
> Religious exercise under RLUIPA is defined as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." § 2000cc-5(7)(A). Further, using, building, or converting real property for religious exercise purposes is considered to be religious exercise under the statute. § 2000cc-5(7)(B). To remove any remaining doubt regarding how broadly Congress aimed to define religious exercise, RLUIPA goes on to state that the Act's aim of protecting religious exercise is to be construed broadly and "to the maximum extent permitted by the terms of this chapter and the Constitution." § 2000cc-3(g).

*Westchester Day School v. Village of Mamaroneck*, 504 F.3d 338, 347 (2d Cir. 2007).

In the context of land use by a religious institution, where a government body denies a religious group's building application, a "substantial burden" exists under RLUIPA when government action "directly coerces the religious institution to change its behavior." *Id.*, 504 F.3d at 349.  RLUIPA does not, however, immunize religious organizations from all zoning ordinances. *See, Living Water Church of God v. Charter Tp. of Meridian*, 258 Fed.Appx. 729, 736, 2007 WL 4322157 at *7 (6th Cir. 2007) ("If the term 'substantial burden' is not to be read out of the statute, RLUIPA cannot stand for the proposition that a construction plan is immune from a town's zoning ordinance simply because the institution undertaking the construction pursues a religious mission.") (citation omitted).  To the contrary, the Second Circuit has indicated that "substantial burden" claims involving zoning codes are rarely established:

> [G]enerally applicable burdens, neutrally imposed, are not "substantial." This reasoning helps to explain why courts confronting free exercise challenges to zoning restrictions rarely find the substantial burden test satisfied even when the resulting effect is to completely prohibit a religious congregation from building a church on its own land.

*Westchester Day School*, 504 F.3d at 350 (citations omitted).  There are several factors which

indicate whether a zoning decision imposes a substantial burden on a religious institution. For example, an adverse decision that is final or absolute is more likely to impose a substantial burden than a conditional denial. *Id*. at 349, 352. Although, "a conditional denial may represent a substantial burden if the condition itself is a burden on free exercise, the required modifications are economically unfeasible, or where a zoning board's stated willingness to consider a modified plan is disingenuous." *Id*. at 349 (citation omitted). On the other hand, even a final denial will not impose a substantial burden when it will have a minimal impact on the group's religious exercise. *Id*. Additionally, a finding of "substantial burden" is less likely when the plaintiff has other alternatives available to it, such as where it can readily build its church somewhere else. *Id*. at 349. Moreover, as noted above, "generally applicable burdens, neutrally imposed, are not 'substantial.'" *Id*. at 350 (citation omitted). Conversely, a substantial burden may exist "where land use restrictions are imposed on the religious institution arbitrarily, capriciously, or unlawfully," since "[t]he arbitrary application of laws to religious organizations may reflect bias or discrimination against religion." *Id*.

In this case, Plaintiff alleges that it suffered a substantial burden because its present facilities are inadequate, and because Defendants have refused to grant permission for Plaintiff to build a church in a light industrial zone. Considering the factors set forth above, Plaintiff has, at the outset, plausibly pleaded that the Village's denial was final and absolute. However, in the instant case that is not enough to plausibly plead a substantial burden. It appears clear from the Complaint that the light industrial zoning requirements are a generally applicable burden that is neutrally imposed on churches and secular organizations. Moreover, Plaintiff acknowledged, in its communications with the Village, that it had several other alternatives available to it, including building new structures on its existing property. In a case with similar

facts, which has been cited with approval by the Second Circuit Court of Appeals, the Seventh Circuit indicated that such facts do not establish a substantial burden. *See, Petra Presbyterian Church v. Village of Northbrook*, 489 F.3d 846, 850-851 (7th Cir. 2007) (rehearing en banc denied).

Nevertheless, Plaintiff maintains that is has suffered a substantial burden, pursuant to the Second Circuit's decision in *Westchester Day School*. Ignoring the unique facts of that case, Plaintiff summarizes *Westchester Day School* as follows: "In *Westchester Day School v. Village of Mamaroneck*, 504 F.3d 338 (2nd Cir. 2007), a religious congregation applied for permission to construct a religious school and was denied; this effect constituted a substantial burden. *Id*. at 352." Such statement by Plaintiff appears to suggest that the mere denial of a religious organization's request is a substantial burden, but that is clearly incorrect. Moreover, the Court in *Westchester Day School* found a substantial burden based upon a number of other factors, including that the Zoning Board's decision was "arbitrary and unlawful," and that the plaintiff school had "no alternatives at all." *Id*.

Plaintiff also alleges that "[e]xpenditure of substantial funds, delay, and expense *alone* have been held to constitute a substantial burden," citing *Reaching Hearts Intern., Inc. v. Prince George's County*, 584 F.Supp.2d 766 (D.Md. 2008)$^{5}$ (emphasis added), affirmed 368 Fed.Appx 370. However, such case is completely inapposite, since there, the plaintiff organization spent "hundreds of thousands of dollars" to purchase property, in reasonable reliance on a zoning code that was subsequently changed. *Id*., 584 F.Supp.2d at 786; *see also, id*. at 772 ("The Property is in the R-A zone, which, *at the time of purchase, permitted the construction of a*

---

$^{5}$Plaintiff neglected to provide the Court with pinpoint page citations to many of the cases cited in its memo of law, including this 35-page decision.

*church as a matter of right*[.]") (emphasis added). Here, Plaintiff has not purchased the property, and has known all along that the zoning code does not permit churches in the light industrial zone.

Finally, although Plaintiff insists that the Complaint plausibly pleads that the subject parcel is the only suitable site in the entire village for its new church building, the Court disagrees. The Complaint contains no such allegation, nor can such an inference be reasonably drawn. Moreover, the Court gave Plaintiff the opportunity to amend the Complaint to include such an allegation, provided that such amendment would comply with Rule 11. However, Plaintiff declined the Court's offer, which suggests that Plaintiff cannot in good faith assert that the subject parcel is the only suitable parcel for a new church in the entire Village of Canisteo.

For all of the foregoing reasons, Plaintiff has not plausibly pleaded a substantial burden. The Complaint therefore fails to plead a plausible claim under RLUIPA. Consequently, the Court does not need to reach the additional arguments raised by Defendant.

## CONCLUSION

Defendants' motion [#3] is granted, and this action is dismissed with prejudice.

SO ORDERED.

Dated:   Rochester, New York
         June 1, 2011

                              ENTER:


                               /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge